262 F.2d 689
 GREENSBORO-HIGH POINT AIRPORT AUTHORITY, Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
City of Charlotte, North Carolina, Eastern Air Lines, Inc., Piedmont Aviation, Inc., Intervenors.
 No. 14382.
 United States Court of Appeals District of Columbia Circuit.
 Argued November 3, 1958.
 Decided November 26, 1958.
 Petition for Rehearing Denied December 17, 1958.
 
 Mr. Albert F. Beitel, Washington, D. C., for petitioner.
 Mr. Morris Chertkov, Attorney, Civil Aeronautics Board, with whom Messrs. Franklin M. Stone, General Counsel, Civil Aeronautics Board, John H. Wanner, Associate General Counsel, Civil Aeronautics Board, O. D. Ozment, Asst. General Counsel, Litigation and Research, Civil Aeronautics Board, Monte Lazarus, Attorney, Civil Aeronautics Board, and Daniel M. Friedman, Attorney, Department of Justice, were on the brief, for respondent.
 Messrs. James M. Verner and James F. Neal, Washington, D. C., were on the brief for intervenor City of Charlotte, North Carolina.
 Messrs. E. Smythe Gambrell and Harold L. Russell, Atlanta, Ga., were on the brief for intervenor Eastern Air Lines, Inc.
 Messrs. Cecil A. Beasley, Jr., and R. J. Shortlidge, Jr., Washington, D. C., entered appearances for intervenor Piedmont Aviation, Inc.
 Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner seeks review of an order of the Civil Aeronautics Board entered after the Board had completed proceedings undertaken as a result of our order of remand in Greensboro-High Point Airport Authority v. Civil Aeronautics Board, 1956, 97 U.S.App.D.C. 358, 231 F.2d 517. In that case we stated that —
 
 
 2
 "Greensboro has not received a plain answer to its charge of discrimination. * * * The issue was flatly raised, and was relevant to the Board's ultimate decision as to what the public convenience and necessity required. * * * We think the Board should now make appropriate findings of fact on the issue, and state `the reasons or basis' for its conclusion. In its discretion, it may do this on the present record, or permit additional testimony and argument." Id. 97 U.S.App.D.C. at pages 362-363, 231 F.2d at pages 521-522.
 
 
 3
 We think the Board adequately complied with our order. We find no basis for saying that the findings and conclusions it has now reached as to the alleged discrimination against Greensboro-High Point Airport Authority, and as to the relevance of those findings and conclusions to the requirements of public convenience and necessity, are unwarranted in the record or without basis in law. The order, which in effect reinstates the order originally entered, is therefore
 
 
 4
 Affirmed.